Gooch Olajawaun, Executor/Agent
2066 Wingate Dr, Rentz, GA 31075
olajawaunogooch@gmail.com
(404) 987-9079

10/18/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
600 James Brown BLVD
Augusta, Georgia  30901

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2023 OCT 23 A 10: 01

CLERK_____
SO. DIST. OF GA.

CV323 -    86

Re: Federal Complaint for Breach of Contract, Non-Acceptance of Negotiable Instrument

Dear Hon. J. Randal Hall, Chief Judge – John E. Triplett, Clerk of Court,

I am writing to inform you that I am filing a federal complaint against MISSION LANE, hereinafter referred to as the "Defendant," for a breach of contract, non-acceptance of negotiable instrument. The purpose of this complaint is to seek legal remedy and restitution for the Defendant's actions, which have resulted in a breach of contract in violation of 12 U.S.C. § 411, 412.

**I. Parties**

1. Plaintiff: GOOCH, OLAJAWAUN O.
   Address: 2066 Wingate Dr, Rentz, GA 31075
   Phone Number: (404) 987-9079
   Email Address: olajawaunogooch@gmail.com

2. Defendant: MISSION LANE
   Address: PO Box 105286, Atlanta, GA 30348

**II. Jurisdiction**

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which grants federal question jurisdiction over cases arising under federal laws, including 12 U.S.C. § 411,412.

**III. Facts**

1. On November 29, 2019, the Plaintiff and the Defendant entered into a valid and enforceable contract, a Cardholder agreement for the provision of a revolving $500 credit limit.

2. The Contract explicitly outlined the rights and obligations of both parties, including the terms of payment and performance.

3. The Plaintiff fulfilled all obligations under the Contract in accordance with its terms and conditions.

4. Despite the Plaintiff's full performance under the Contract, the Defendant failed to meet their contractual obligations by not accepting the remittance coupon as payment and transferring the principals balance to the principals account as instructed.

**IV. Breach of Contract**

1. The Defendant's actions constitute a breach of contract as defined under the Federal Reserve Act, as follows:

Federal Reserve Act: Plaintiff alleges that Defendant's conduct is inconsistent with the requirements of 12 U.S.C. § 411, 412, which addresses the issuance of federal reserve notes to banks, nature of obligation, and redemption (12 U.S.C. § 411). Also, 12 U.S.C. § 412 highlights the application for notes, and collateral required.

**V. Damages**

As a direct result of the Defendant's breach of contract, the Plaintiff has suffered financial losses, including but not limited to the $500 credit limit and lost use of credit card because account was prematurely closed by Mission Lane.

**VI. Prayer for Relief**

The Plaintiff respectfully requests the following relief:

1. An order from this Court declaring the Defendant in breach of the Contract, non-acceptance of negotiable instrument.

2. Acceptance of the endorsed remittance coupon as payment by transferring the principals balance to the principals account as instructed every month.

3. An award of damages to the Plaintiff in an amount to be determined at trial, including compensatory, consequential, and punitive damages as appropriate.

4. Injunctive relief, if necessary, to prevent further harm to the Plaintiff.

5. Attorney's fees and costs incurred in bringing this action.

6. Any further relief that this Court deems just and proper.

**VII. Jury Trial Demand**

The Plaintiff requests a trial by jury on all issues triable by jury in this action.

**VIII. Conclusion**

In light of the above, Plaintiff respectfully requests that this Court initiate proceedings to address the breach of contract claim in accordance with applicable federal laws. Plaintiff also requests any other remedies deemed just and proper by this Court.

Thank you for your attention to this matter. Please consider this letter as a formal federal complaint.

**VIIII. Certification**

I certify that the foregoing is true and correct to the best of my knowledge and belief.

Gooch, Olajawaun

Dear Recipient:

This packet includes:
1. Claim of Credits (Instructions)
2. Endorsed Coupon
3. Federal Reserve Act Section 16
4. POA
5. Certified Mail Receipt
6. Mail Delivery Date
7. Response from Mission Lane
8. Opportunity to Cure (Instructions)
9. Endorsed Coupon
10. Federal Reserve Act Section 16
11. Federal Reserve Act Section 29
12. Certified Mail Receipt
13. Mail Delivery Date
14. Notice of Default (Instructions)
15. Endorsed Coupon
16. Federal Reserve Act Section 29
17. Certified Mail Receipt
18. Mail Delivery Date
19. Response from Mission Lane

Sincerely,

Gooch, Olajawaun, Agent

Name: Gooch, Olajawaun
Account # 4315037513035000

Date: 7-31-2023

Mission Lane
PO Box 105286,
Atlanta, GA 30348

To whom it may concern:

I, Gooch, Olajawaun/agent on behalf of OLAJAWAUN GOOCH/principal, hereby
accept all titles, rights, interest, and equity owed to OLAJAWAUN GOOCH/principal. I
hereby instruct CFO Henry Domenici to apply the principals balance to the principals
account #4315037513035000 for each and every billing cycle for set-off.

I also instruct CFO Henry Domenici to respond in writing within 5 business days once
instructions are completed. If instructions are not completed, I instruct CFO Henry
Domenici to respond in writing within 5 business days giving reason of non-performance
of fiduciary duties.

If no communication is made within 5 business days, I, Gooch, Olajawaun/agent on
behalf of OLAJAWAUN GOOCH/principal can assume that the instructions have been
completed.

Sincerely,

Gooch, Olajawaun/agent

By: Gooch Olajawaun, Agent
For: OLAJAWAUN GOOCH, Principal
(without recourse)

DETACH HERE: RETURN PAYMENT USING THE ENCLOSED ENVELOPE. MAKE CHECK PAYABLE TO: MISSION LANE LLC – ALLOW UP TO 7 DAYS FOR RECEIPT.

ACCEPTED
For DEPOSIT

MISSION LANE LLC
PO BOX 105286
ATLANTA GA 30348-5286

Mission Lane

| | |
|---|---|
| Account Number | #### #### #### 5000 |
| Closing Date | July 25, 2023 |
| New Balance | $ 483.54 |
| Total Minimum Payment Due | $ 25.00 |
| Payment Due Date | August 22, 2023 |

AMOUNT OF PAYMENT ENCLOSED

$ 483.54

OLAJAWAUN O GOOCH
2066 WINGATE DR
RENTZ GA 31075-3255

** 0050A88

MISSION LANE LLC
PO BOX 23075
COLUMBUS GA 31902-3075

Four-Hundred and Eighty-Three dollars 54/100

Pay to Bearer

017253222372IIIIII     000002500     000048354     2

# Federal Reserve Act

## Section 16. Note Issues

### 1. Issuance of Federal Reserve notes; nature of obligation; where redeemable

Federal reserve notes, to be issued at the discretion of the Board of Governors of the Federal Reserve System for the purpose of making advances to Federal reserve banks through the Federal reserve agents as hereinafter set forth and for no other purpose, are hereby authorized. The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks and for all taxes, customs, and other public dues. They shall be redeemed in lawful money on demand at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank.

[12 USC 411. As amended by act of Jan. 30, 1934 (48 Stat. 337). For redemption of Federal reserve notes whose bank of issue cannot be identified, see act of June 13, 1933.]

### 2. Application for notes by Federal Reserve banks

Any Federal Reserve bank may make application to the local Federal Reserve agent for such amount of the Federal Reserve notes hereinbefore provided for as it may require. Such application shall be accompanied with a tender to the local Federal Reserve agent of collateral in amount equal to the sum of the Federal Reserve notes thus applied for and issued pursuant to such application. The collateral security thus offered shall be notes, drafts, bills of exchange, or acceptances acquired under section 10A, 10B, 13, or 13A of this Act, or bills of exchange endorsed by a member bank of any Federal Reserve district and purchased under the provisions of section 14 of this Act, or bankers' acceptances purchased under the provisions of said section 14, or gold certificates, or Special Drawing Right certificates, or any obligations which are direct obligations of, or are fully guaranteed as to principal and interest by, the United States or any agency thereof, or assets that Federal Reserve banks may purchase or hold under section 14 of this Act or any other asset of a Federal reserve bank. In no event shall such collateral security be less than the amount of Federal Reserve notes applied for. The Federal Reserve agent shall each day notify the Board of Governors of the Federal Reserve System of all issues and withdrawals of Federal Reserve notes to and by the Federal Reserve bank to which he is accredited. The said Board of Governors of the Federal Reserve System may at any time call upon a Federal Reserve bank for additional security to protect the Federal Reserve notes issued to it. Collateral shall not be required for Federal Reserve notes which are held in the vaults of, or are otherwise held by or on behalf of, Federal Reserve banks.

[12 USC 412. As amended by the acts of Sept. 7, 1916 (39 Stat. 754); June 21, 1917 (40 Stat. 236); Feb. 27, 1932 (47 Stat. 57); Feb. 3, 1933 (47 Stat. 794); Jan. 30, 1934 (48 Stat. 338); March 6, 1934 (48 Stat. 991); June 30, 1941 (55 Stat. 395); May 25, 1943 (57 Stat. 85); June 12, 1945 (59 Stat. 237); June 19, 1968 (82 Stat. 189); Nov. 10, 1978 (92 Stat. 3672); March 31, 1980 (94 Stat. 140); Dec. 6, 1999 (113 Stat. 1638); and Oct. 28, 2003 (117 Stat. 1193).]

### 3. Distinctive letter on notes; destruction of unfit notes

Federal Reserve notes shall bear upon their faces a distinctive letter and serial number which shall be assigned by the Board of Governors of the Federal Reserve System to each Federal Reserve bank. Federal Reserve notes unfit for circulation shall be canceled, destroyed, and accounted for under procedures prescribed and at locations designated by the Secretary of the Treasury. Upon destruction of such notes, credit with respect thereto shall be apportioned among the twelve Federal Reserve banks as determined by the Board of Governors of the Federal Reserve System.

[12 USC 413. As amended by acts of June 21, 1917 (40 Stat. 236); Jan. 30, 1934 (48 Stat. 338); June 12, 1945 (59 Stat. 237); July 19, 1954 (68 Stat. 495); March 3, 1965 (79 Stat. 5); May 20, 1966 (80 Stat. 161); and March 18, 1968 (82 Stat. 50).]

## 4. Granting right to issue notes

The Board of Governors of the Federal Reserve System shall have the right, acting through the Federal Reserve agent, to grant in whole or in part, or to reject entirely the application of any Federal Reserve bank for Federal Reserve notes; but to the extent that such application may be granted the Board of Governors of the Federal Reserve System shall, through its local Federal Reserve agent, supply Federal Reserve notes to the banks so applying, and such bank shall be charged with the amount of the notes issued to it and shall pay such rate of interest as may be established by the Board of Governors of the Federal Reserve System on only that amount of such notes which equals the total amount of its outstanding Federal Reserve notes less the amount of gold certificates held by the Federal Reserve agent as collateral security. Federal Reserve notes issued to any such bank shall, upon delivery, together with such notes of such Federal Reserve bank as may be issued under section 18 of this Act upon security of United States 2 per centum Government bonds, become a first and paramount lien on all the assets of such bank.

[12 USC 414. As amended by acts of June 21, 1917 (40 Stat. 237); Jan. 30, 1934 (48 Stat. 338); June 12, 1945 (59 Stat. 237); and March 18, 1968 (82 Stat. 50).]

## 5. Deposit to reduce liability for outstanding notes

Any Federal Reserve bank may at any time reduce its liability for outstanding Federal Reserve notes by depositing with the Federal Reserve agent its Federal Reserve notes, gold certificates, Special Drawing Right certificates, or lawful money of the United States. Federal Reserve notes so deposited shall not be reissued, except upon compliance with the conditions of an original issue. The liability of a Federal Reserve bank with respect to its outstanding Federal Reserve notes shall be reduced by any amount paid by such bank to the Secretary of the Treasury under section 4 of the Old Series Currency Adjustment Act.

[12 USC 415. As reenacted by act of June 21, 1917 (40 Stat. 237); and as amended by acts of Jan. 30, 1934 (48 Stat. 339); June 30, 1961 (75 Stat. 147); March 18, 1968 (82 Stat. 50); and June 19, 1968 (82 Stat. 189). The act of June 30, 1961, is the Old Series Currency Adjustment Act.]

## 6. Substitution of collateral; retirement of Federal Reserve notes

Any Federal reserve bank may at its discretion withdraw collateral deposited with the local Federal reserve agent for the protection of its Federal reserve notes issued to it and shall at the

same time substitute therefor other collateral of equal amount with the approval of the Federal reserve agent under regulations to be prescribed by the Board of Governors of the Federal Reserve System. Any Federal reserve bank may retire any of its Federal reserve notes by depositing them with the Federal reserve agent or with the Treasurer of the United States, and such Federal reserve bank shall thereupon be entitled to receive back the collateral deposited with the Federal reserve agent for the security of such notes. Any Federal Reserve bank shall further be entitled to receive back the collateral deposited with the Federal Reserve agent for the security of any notes with respect to which such bank has made payment to the Secretary of the Treasury under section 4 of the Old Series Currency Adjustment Act. Federal reserve notes so deposited shall not be reissued except upon compliance with the conditions of an original issue.

[12 USC 416. As amended by acts of June 21, 1917 (40 Stat. 237); June 30, 1961 (75 Stat. 147); and March 18, 1968 (82 Stat. 50). The act of June 30, 1961 is the Old Series Currency Adjustment Act.]

## 7. Custody of reserve notes, gold certificates, and lawful money

All Federal Reserve notes and all gold certificates, Special Drawing Right certificates, and lawful money issued to or deposited with any Federal Reserve agent under the provisions of the Federal Reserve Act shall hereafter be held for such agent, under such rules and regulations as the Board of Governors of the Federal Reserve System may prescribe, in the joint custody of himself and the Federal Reserve bank to which he is accredited. Such agent and such Federal Reserve bank shall be jointly liable for the safekeeping of such Federal Reserve notes, gold certificates, Special Drawing Right certificates, and lawful money. Nothing herein contained, however, shall be construed to prohibit a Federal Reserve agent from depositing gold certificates and Special Drawing Right certificates with the Board of Governors of the Federal Reserve System, to be held by such Board subject to his order, or with the Treasurer of the United States for the purposes authorized by law.

[12 USC 417. As added by act of June 21, 1917 (40 Stat. 238); and amended by acts of Jan. 30, 1934 (48 Stat. 339) and June 19, 1968 (82 Stat. 189).]

## 8. Engraving of plates; denominations and form of notes

In order to furnish suitable notes for circulation as Federal reserve notes, the Secretary of the Treasury shall cause plates and dies to be engraved in the best manner to guard against counterfeits and fraudulent alterations, and shall have printed therefrom and numbered such quantities of such notes of the denominations of $1, $2, $5, $10, $20, $50, $100, $500, $1,000 $5,000, $10,000 as may be required to supply the Federal reserve banks. Such notes shall be in form and tenor as directed by the Secretary of the Treasury under the provisions of this Act and shall bear the distinctive numbers of the several Federal reserve banks through which they are issued.

[12 USC 418. As amended by acts of Sept. 26, 1918 (40 Stat. 970); June 4, 1963 (77 Stat. 54); and Sept. 23, 1994 (108 Stat. 2293).]

## 9. Custody of unissued notes

When such notes have been prepared, the notes shall be delivered to the Board of Governors of the Federal Reserve System subject to the order of the Secretary of the Treasury for the delivery of such notes in accordance with this Act.

[12 USC 419. As amended by acts of May 29, 1920 (41 Stat. 654) and Sept. 23, 1994 (108 Stat. 2293).]

## 10. Custody of plates and dies; expenses of issue and retirement of notes

The plates and dies to be procured by the Secretary of the Treasury for the printing of such circulating notes shall remain under his control and direction, and the expenses necessarily incurred in executing the laws relating to the procuring of such notes, and all other expenses incidental to their issue and retirement, shall be paid by the Federal reserve banks, and the Board of Governors of the Federal Reserve System shall include in its estimate of expenses levied against the Federal reserve banks a sufficient amount to cover the expenses herein provided for.

[12 USC 420. Part of original Federal Reserve Act; not amended.]

## 11. Examinations of plates, dies, etc.

The Secretary of the Treasury may examine the plates, dies, bed pieces, and other material used in the printing of Federal Reserve notes and issue regulations relating to such examinations.

[12 USC 421. As amended by act of Sept. 23, 1994 (108 Stat. 2293).]

## 12. Appropriation for engraving, etc.

Any appropriation heretofore made out of the general funds of the Treasury for engraving plates and dies, the purchase of distinctive paper, or to cover any other expense in connection with the printing of national-bank notes or notes provided for by the Act of May thirtieth, nineteen hundred and eight, and any distinctive paper that may be on hand at the time of the passage of this Act may be used in the discretion of the Secretary for the purposes of this Act, and should the appropriations heretofore made be insufficient to meet the requirements of this Act in addition to circulating notes provided for by existing law, the Secretary is hereby authorized to use so much of any funds in the Treasury not otherwise appropriated for the purpose of furnishing the notes aforesaid: *Provided, however*, That nothing in this section contained shall be construed as exempting national banks or Federal reserve banks from their liability to reimburse the United States for any expenses incurred in printing and issuing circulating notes.

[Omitted from U.S. Code. Part of original Federal Reserve Act. This paragraph was in effect amended by subsection (a) of section 1 of the Permanent Appropriation Repeal Act of 1934, approved June 26, 1934 (48 Stat. 1224; 31 USC. 725), which provides: "That effective July 1, 1935, such portions of any acts as provide permanent or continuing appropriations from the general fund of the Treasury to be disbursed under the appropriation accounts appearing on the books of the Government, and listed in subsection (b) of this section, are hereby repealed, and any unobligated balances under such accounts as of June 30, 1935, shall be covered into the surplus fund of the Treasury." Among the appropriation accounts listed in subsection (b) is that for the preparation and issue of Federal Reserve notes.]

## 13. Checks and drafts to be received on deposit at par

Every Federal reserve bank shall receive on deposit at par from depository institutions or from Federal reserve banks checks and other items, including negotiable orders of withdrawal and share drafts and drafts drawn upon any of its depositors, and when remitted by a Federal reserve bank, checks and other items, including negotiable orders of withdrawal and share drafts and drafts drawn by any depositor in any other Federal reserve bank or depository institution upon funds to the credit of said depositor in said reserve bank or depository institution. Nothing herein contained shall be construed as prohibiting a depository institution from charging its actual expense incurred in collecting and remitting funds, or for exchange sold to its patrons. The Board of Governors of the Federal Reserve System shall, by rule, fix the charges to be collected by the depository institutions from its patrons whose checks and other items, including negotiable orders of withdrawal and share drafts are cleared through the Federal reserve bank and the charge which may be imposed for the service of clearing or collection rendered by the Federal reserve bank.

[12 USC 360. As amended by act of March 31, 1980 (94 Stat. 140).]

## 14. Transfer of funds among Federal Reserve banks

The Board of Governors of the Federal Reserve System shall make and promulgate from time to time regulations governing the transfer of funds and charges therefor among Federal reserve banks and their branches, and may at its discretion exercise the functions of a clearing house for such Federal reserve banks, or may designate a Federal reserve bank to exercise such functions, and may also require each such bank to exercise the functions of a clearing house for depository institutions.

[12 USC 248-1. As amended by acts of Aug. 23, 1935 (49 Stat. 704) and March 31, 1980 (94 Stat. 140). Reclassified (previously 12 USC 248(o).]

## 15. Settlement fund

The Secretary of the Treasury is hereby authorized and directed to receive deposits of gold or of gold certificates or of Special Drawing Right certificates with the Treasurer or any Assistant Treasurer of the United States when tendered by any Federal Reserve bank or Federal Reserve agent for credit to its or his account with the Board of Governors of the Federal Reserve System. The Secretary shall prescribe by regulation the form of receipt to be issued by the Treasurer or Assistant Treasurer to the Federal Reserve bank or Federal Reserve agent making the deposit, and a duplicate of such receipt shall be delivered to the Board of Governors of the Federal Reserve System by the Treasurer at Washington upon proper advices from any Assistant Treasurer that such deposit has been made. Deposits so made shall be held subject to the orders of the Board of Governors of the Federal Reserve System and deposits of gold or gold certificates shall be payable in gold certificates, and deposits of Special Drawing Right certificates shall be payable in Special Drawing Right certificates, on the order of the Board of Governors of the Federal Reserve System to any Federal Reserve bank or Federal Reserve agent at the Treasury or at the subtreasury of the United States nearest the place of business of such Federal Reserve bank or such Federal Reserve agent. The order used by the Board of Governors of the Federal Reserve System in making such payments shall be signed by the

chairman or vice chairman, or such other officers or members as the Board may by regulation prescribe. The form of such order shall be approved by the Secretary of the Treasury.

[12 USC 467. As added by act of June 21, 1917 (40 Stat. 238); and amended by acts of Jan. 30, 1934 (48 Stat. 339) and June 19, 1968 (82 Stat. 189). Prior to enactment of the Banking Act of 1935, approved Aug. 23, 1935, the chairman and vice chairman of the Board of Governors of the Federal Reserve System were known as the governor and vice governor of the Federal Reserve Board, respectively. See note to section 1.]

## 16. Expenses

The expenses necessarily incurred in carrying out these provisions, including the cost of the certificates or receipts issued for deposits received, and all expenses incident to the handling of such deposits shall be paid by the Board of Governors of the Federal Reserve System and included in its assessments against the several Federal reserve banks.

[12 USC 467. As added by act of June 21, 1917 (40 Stat. 238).]

## 17. Preservation of provisions of Act of March 14, 1900

Nothing in this section shall be construed as amending section six of the Act of March fourteenth, nineteen hundred, as amended by the Acts of March fourth, nineteen hundred and seven, March second, nineteen hundred and eleven, and June twelfth, nineteen hundred and sixteen, nor shall the provisions of this section be construed to apply to the deposits made or to the receipts or certificates issued under those Acts.

[12 USC 467. As added by act of June 21, 1917 (40 Stat. 239).]

Last Update: March 13, 2017

# *DURABLE POWER OF ATTORNEY*

NOTICE: This power of attorney authorizes another person (your agent) to make decisions concerning your property for you (the principal). Your agent will be able to make decisions and act with respect to your property (including your money) whether or not you are able to act for yourself. The meaning of authority over subjects listed on this form is explained in O.C.G.A. Chapter 6B of Title 10.

This power of attorney does not authorize the agent to make health care decisions for you.

You should select someone you trust to serve as your agent. Unless you specify otherwise in the Special Instructions, generally the agent's authority will continue until you die or revoke the power of attorney or the agent resigns or is unable to act for you.

Your agent is not entitled to any compensation unless you state otherwise in the Special Instructions. Your agent shall be entitled to reimbursement of reasonable expenses incurred in performing the acts required by you in your power of attorney.

This form provides for designation of one agent. If you wish to name more than one agent, you may name a successor agent or name a co-agent in the Special Instructions. Co-agents will not be required to act together unless you include that requirement in the Special Instructions.

If your agent is unable or unwilling to act for you, your power of attorney will end unless you have named a successor agent. You may also name a second successor agent.

This power of attorney shall be durable unless you state otherwise in the Special Instructions.

This power of attorney becomes effective immediately unless you state otherwise in the Special Instructions.

**If you have questions about the power of attorney or the authority you are granting to your agent, you should seek legal advice before signing this form.**

I, OLAJAWAUN GOOCH, residing at 2066 Wingate Dr, Rentz, Georgia 31075, hereby appoint Gooch Olajawaun of 2066 Wingate Dr, Rentz, Georgia 31075, as my attorney-in-fact ("Agent") to exercise the powers and discretions described below.

- Real property transactions
- Tangible personal property transactions
- Stock and bond transactions
- Commodity and option transactions
- Banking and other financial institution transactions

- Business operating transactions
- Insurance and annuity transactions
- Estate, trust, and other beneficiary transactions
- Claims and litigation
- Personal and family maintenance
- Benefits from social security, Medicare, Medicaid, or other governmental programs or civil or military service
- Retirement plan transactions
- Tax matters

SPECIAL INSTRUCTIONS APPLICABLE TO AGENT COMPENSATION: My agent is entitled to reimbursement of reasonable expenses incurred on my behalf and to compensation that is reasonable under the circumstances.

## GRANT OF SPECIFIC AUTHORITY:

(CAUTION: Granting any of the following will give your agent the authority to take actions that could significantly reduce your property or change how your property is distributed at your death. Consultation with an attorney is recommended before granting any of these specific powers).

In addition to the above powers, my agent will have the authority to:

- Create, amend, fund, revoke, or terminate an inter vivos trust
- Make a gift, subject to the limitations of O.C.G.A. § 10-6B-56 and any special instructions in this power of attorney
- Create or change rights of survivorship
- Create or change a beneficiary designation
- Authorize another person to exercise the authority granted under this power of attorney
- Waive the principal's right to be a beneficiary of a joint and survivor annuity, including a survivor benefit under a retirement plan
- Access the content of electronic communications
- Exercise fiduciary powers that the principal has authority to delegate and that are expressly and clearly identified (including the persons for which the principal acts as a fiduciary) in the special instructions
- Renounce an interest in property, including a power of appointment

## LIMITATION ON AGENT'S AUTHORITY:

An agent that is not my ancestor, spouse, or descendant SHALL NOT use my property to benefit the agent or a person to whom the agent owes an obligation of support unless I have included that authority in the Special Instructions.

## SPECIAL INSTRUCTIONS:

The powers granted to my Agent are limited and/or expanded by the following special instructions:

Do your job good and I'll have something for you

The fiduciary powers that my Agent are authorized to exercise, along with the persons for whom I act as a fiduciary, are as follows:

Loyalty, care and obedience

## EFFECTIVE DATE:

This power of attorney is effective immediately.

I agree that any third party who receives a copy of this document may act under it. Termination of this durable power of attorney is not effective as to a third party until the third party has actual knowledge of the termination. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney. The meaning and effect of this durable power of attorney is determined by Georgia law.

## RELIANCE ON THIS POWER OF ATTORNEY:

Any person, including my agent, may rely upon the validity of this power of attorney or a copy of it unless that person has actual knowledge it has terminated or is invalid.

## [SIGNATURE PAGE FOLLOWS]

Dated _July_ _21st_, _2023_, at Rentz, Georgia.

OLAJAWAUN GOOCH

Witness Signature: _Jermaine Williams_
Name: _Jermaine Williams_
City: _Eastman_
State: _GA_

Witness Signature:
Name:
City:
State:

(witnesses must be adults and at least one may not be related by blood or marriage to the principal)

STATE OF GEORGIA,
COUNTY OF LAURENS, ss:

On this _2-8_ day of _July_____, _202_, before me,
_Uvonda M. Floyd_____, personally appeared OLAJAWAUN GOOCH,
known to me (or satisfactorily proven) to be the person whose name is subscribed to the within
instrument and acknowledged that he/she executed the same as for the purposes therein contained.

In witness whereof, I hereunto set my hand and
official seal.

UVONDA FLOYD
**NOTARY PUBLIC**
Laurens County, GA
Comm. Expires July 5th, 2027

_____
Notary Public


_____

My commission expires _____

## WITNESS ATTESTATION

The foregoing power of attorney was, on the date written above, published and declared by OLAJAWAUN GOOCH in our presence to be his/her power of attorney. We, in his/her presence and at his/her request, and in the presence of each other, have attested to the same and have signed our names as attesting witnesses.

Name: Jermaine, Williams

Address: 926 Ward st. Apr 05

City, State, ZIP Code: Eastman , Georgia 31023

Telephone: 478-231-3332

Name: Tamara Jones

Address: 3035 W. 118 St.

City, State, ZIP Code: Los Angeles , California Good

Telephone: 213-924-5039

This document was prepared by:
OLAJAWAUN GOOCH

## IMPORTANT INFORMATION FOR AGENT

**Agent's Duties**

When you accept the authority granted under this power of attorney, a special legal relationship is created between you and the principal. This relationship imposes upon you legal duties that continue until you resign or the power of attorney is terminated or revoked. You must:

(1) Do what you know the principal reasonably expects you to do with the principal's property or, if you do not know the principal's expectations, act in the principal's best interest;

(2) Act in good faith;

(3) Do nothing beyond the authority granted in this power of attorney; and

(4) Disclose your identity as an agent whenever you act for the principal by writing or printing the name of the principal and signing your own name as "agent" in the following manner:

(Principal's Name) by (Your Signature) as Agent.

Unless the Special Instructions in this power of attorney state otherwise, you must also:

(1) Act loyally for the principal's benefit;

(2) Avoid conflicts that would impair your ability to act in the principal's best interest;

(3) Act with care, competence, and diligence;

(4) Keep a record of all receipts, disbursements, and transactions made on behalf of the principal;

(5) Cooperate with any person that has authority to make health care decisions for the principal to do what you know the principal reasonably expects or, if you do not know the principal's expectations, to act in the principal's best interest; and

(6) Attempt to preserve the principal's estate plan if you know the plan and preserving the plan is consistent with the principal's best interest.

**Termination of Agent's Authority**

You must stop acting on behalf of the principal if you learn of any event that terminates this power of attorney or your authority under this power of attorney. Events that terminate a power of attorney or your authority to act under a power of attorney include:

(1) Death of the principal;

(2) The principal's revocation of your authority or the power of attorney

(3) The occurrence of a termination event stated in the power of attorney;

(4) The purpose of the power of attorney is fully accomplished; or

(5) If you are married to the principal, a legal action is filed with a court to end your marriage, or for your legal separation, unless the Special Instructions in this power of attorney state that such an action will not terminate your authority.

### Liability of Agent
The meaning of the authority granted to you is defined in O.C.G.A. Chapter 6B of Title 10.If you violate O.C.G.A. Chapter 6B of Title 10 or act outside the authority granted, you may be liable for any damages caused by your violation.

**If there is anything about this document or your duties that you do not understand, you should seek legal advice.**

**AGENT'S CERTIFICATION AS TO THE VALIDITY OF POWER OF ATTORNEY AND AGENT'S AUTHORITY**

STATE OF GEORGIA,
COUNTY OF LAURENS, ss:

I, _Gooch Olajawaun_ certify under penalty of perjury that OLAJAWAUN GOOCH granted me authority as an agent or successor agent in a power of attorney dated _7/28/23_.

I further certify that to my knowledge:

(1) The principal is alive and has not revoked the power of attorney or my authority to act under the power of attorney and the power of attorney and my authority to act under the power of attorney have not terminated;
(2) If the power of attorney was drafted to become effective upon the happening of an event or contingency, the event or contingency has occurred;
(3) If I were named as a successor agent, the prior agent is no longer able or willing to serve.
(4) _____
_____
_____
_____
_____
_____

(Insert other relevant statements)

SIGNATURE AND ACKNOWLEDGMENT

_____
Agent's signature                    Date _7-28-23_
_Gooch Olajawaun_ _____ Agent's name printed
_2060 Wingate Dr. Rento, GA  31751_ Agent's address
_(404) 997-8879_ _____ Agent's telephone number
_go3a5212@gmail.com_ Agent's e-mail address

This document was signed in my presence on _7/28/23_, (Date) by
_Gooch Olajawaun_ (Name of agent).

                                        UVONDA FLOYD
                                        NOTARY PUBLIC
_____      Laurens County, GA
(Seal)                                  Comm. Expires July 5th, 2027
Signature of notary _____
My commission expires: _____



CFO Henry

ATL 30348

**11:38**                                                      • 📶 **81**

**Customer service    International    First-Class    Live**

Track your package
Data provided by USPS

Tracking number 70202450000183319140

**Delivered** ✓
August 03, 01:33PM
Atlanta, GA

🌐    View details on USPS

📞    Call 1-800-275-8777

🚚    Track another package

🔍 **usps tracking**



**Mission Lane**

P.O. Box 105168
Atlanta, GA 30348-5168

Phone: 1-855-790-8860
Email: support@missionlane.com
Website: www.missionlane.com

**August 7, 2023**

Olajawaun Gooch
2066 Wingate Dr
Rentz, GA 31075-3255

Dear Olajawaun,

This letter is in reference to your Mission Lane Visa® Credit Card Account ending in 5000 (the "Account").  Our third-party service provider recently forwarded us a communication from you that indicates you may be unable or unwilling to pay your debts as agreed.

We have included more information below regarding your account:
1.  Our records reflect that you applied for the Mission Lane Visa® Credit Card on 11/28/2019.
2.  As of 8/7/2023 the total balance on your Account is $488.01. This balance does not include pending charges or recurring charges that may post to your Account after the date of this letter.
3.  You can view your Account information, including all statements by logging in to your Account at https://dashboard.missionlane.com/signin.
4.  For your convenience, we have attached a copy of your current Credit Card Agreement ("Agreement"), which validates your debt and identifies the creditor.

Both your Agreement and Account statement provide you with important information about making payments. Please refer to the "Payments" section of your Agreement and the "Other Account and Payment Information" section on your statement.  As a reminder, you must pay at least the minimum payment by the payment due date and cut-off time shown on your statement, and your payment must be made in proper form.

Additionally, the "Promise to Pay" section of your Agreement addresses your responsibility for balances on your Account.  Namely, you promise to pay for all amounts charged to the Account, including all transactions, interest, fees and charges charged to your Account. You are obligated to repay all transactions made using your Account, including by people you have authorized to use the Account even if their use exceeds the authorization which you gave them.

Your failure to abide with your Agreement and the Terms of your Account results in your Account being considered in Default. As previously noted, we have reason to believe you may be unable or unwilling to pay your debts as agreed. Additionally, we have evidence of payment and/or transactional behavior that is not aligned with our expectations regarding use of our products and services. As of 8/7/2023 your Account ending in 5000 has been permanently restricted and closed.

Subject to applicable law, we may suspend, revoke or cancel your Account privileges, your right to use the card, or deny any transaction, in our sole discretion at any time, with or without cause and with or without giving you notice. Any such actions on our part will not affect your obligation to pay us the outstanding balance, interest and fees, as applicable, under the terms of the Agreement.

If you have further questions, please call 855-790-8860 Monday - Friday, 9 a.m. - 8 p.m. ET. Otherwise, you may send an email to support@missionlane.com.

Sincerely,

Mission Lane LLC

Notice: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is the Federal Deposit Insurance Corporation (FDIC) whose address is FDIC Consumer Response Center, 1100 Walnut Street, Box #11, Kansas City, MO 64106.

OPPORTUNITY TO CURE

Name: Gooch, Olajawaun
Account # 4315037513035000

Date: 8/8/2023

Mission Lane
PO Box 105286,
Atlanta, GA 30348

To whom it may concern:

I, Gooch, Olajawaun/agent on behalf of OLAJAWAUN GOOCH/principal, hereby
accept all titles, rights, interest, and equity owed to OLAJAWAUN GOOCH/principal. I
hereby instruct CFO Henry Domenici to apply the principals balance to the principals
account #4315037513035000 for each and every billing cycle for set-off.

I demand for closed account #4315037513035000 to be reopened for use. The closing of
the account was not authorized by OLAJAWAUN GOOCH/principal, which is an
indication of violation of securities and breach of contract.

I also instruct CFO Henry Domenici to respond in writing within 5 business days once
instructions are completed. If instructions are not completed, I instruct CFO Henry
Domenici to respond in writing within 5 business days giving reason of non-performance
of fiduciary duties.

If no communication is made within 5 business days, I, Gooch, Olajawaun/agent on
behalf of OLAJAWAUN GOOCH/principal can assume that the instructions have been
completed.

Sincerely,

Gooch, Olajawaun/agent

By: Gooch Olajawuun, Agent

For: OLAJAWUUN GOOCH, Principal

(without recourse)

DETACH HERE: RETURN PAYMENT USING THE ENCLOSED ENVELOPE, MAKE CHECK PAYABLE TO: MISSION LANE LLC - ALLOW UP TO 7 DAYS FOR RECEIPT.

ACCEPTED
For DEPOSIT

MISSION LANE LLC
PO BOX 105286
ATLANTA GA 30348-5286

| | |
|---|---|
| Account Number | xxxx xxxx xxxx 5099 |
| Closing Date | July 25 2023 |
| New Balance | 0.483.54 |
| Total Minimum Payment Due | 0.25.00 |
| Payment Due Date | August 23, 2023 |

AMOUNT OF PAYMENT ENCLOSED

$  483.54

OLAJAWAUN O GOOCH
2066 WINGATE DR
RENTZ GA 31075-3255

06 0030494

MISSION LANE LLC
PO BOX 23075
COLUMBUS GA 31902-3075

Four-Hundred and Eighty-Three dollars 54/100

Pay to Bearer

017253223721IIIII    000002500    000048354    ⊒

# Federal Reserve Act

## Section 16. Note Issues

### 1. Issuance of Federal Reserve notes; nature of obligation; where redeemable

Federal reserve notes, to be issued at the discretion of the Board of Governors of the Federal Reserve System for the purpose of making advances to Federal reserve banks through the Federal reserve agents as hereinafter set forth and for no other purpose, are hereby authorized. The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks and for all taxes, customs, and other public dues. They shall be redeemed in lawful money on demand at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank.

[12 USC 411. As amended by act of Jan. 30, 1934 (48 Stat. 337). For redemption of Federal reserve notes whose bank of issue cannot be identified, see act of June 13, 1933.]

### 2. Application for notes by Federal Reserve banks

Any Federal Reserve bank may make application to the local Federal Reserve agent for such amount of the Federal Reserve notes hereinbefore provided for as it may require. Such application shall be accompanied with a tender to the local Federal Reserve agent of collateral in amount equal to the sum of the Federal Reserve notes thus applied for and issued pursuant to such application. The collateral security thus offered shall be notes, drafts, bills of exchange, or acceptances acquired under section 10A, 10B, 13, or 13A of this Act, or bills of exchange endorsed by a member bank of any Federal Reserve district and purchased under the provisions of section 14 of this Act, or bankers' acceptances purchased under the provisions of said section 14, or gold certificates, or Special Drawing Right certificates, or any obligations which are direct obligations of, or are fully guaranteed as to principal and interest by, the United States or any agency thereof, or assets that Federal Reserve banks may purchase or hold under section 14 of this Act or any other asset of a Federal reserve bank. In no event shall such collateral security be less than the amount of Federal Reserve notes applied for. The Federal Reserve agent shall each day notify the Board of Governors of the Federal Reserve System of all issues and withdrawals of Federal Reserve notes to and by the Federal Reserve bank to which he is accredited. The said Board of Governors of the Federal Reserve System may at any time call upon a Federal Reserve bank for additional security to protect the Federal Reserve notes issued to it. Collateral shall not be required for Federal Reserve notes which are held in the vaults of, or are otherwise held by or on behalf of, Federal Reserve banks.

[12 USC 412. As amended by the acts of Sept. 7, 1916 (39 Stat. 754); June 21, 1917 (40 Stat. 236); Feb. 27, 1932 (47 Stat. 57); Feb. 3, 1933 (47 Stat. 794); Jan. 30, 1934 (48 Stat. 338); March 6, 1934 (48 Stat. 991); June 30, 1941 (55 Stat. 395); May 25, 1943 (57 Stat. 85); June 12, 1945 (59 Stat. 237); June 19, 1968 (82 Stat. 189); Nov. 10, 1978 (92 Stat. 3672); March 31, 1980 (94 Stat. 140); Dec. 6, 1999 (113 Stat. 1638); and Oct. 28, 2003 (117 Stat. 1193).]

### 3. Distinctive letter on notes; destruction of unfit notes

# Federal Reserve Act

## Section 29. Civil Money Penalty

**(a) First Tier.** Any member bank which, and any institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to such member bank who, violates any provision of section 22, 23A, or 23B, or any regulation issued pursuant thereto, shall forfeit and pay a civil penalty of not more than $5,000 for each day during which such violation continues.

[12 USC 504(a). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by acts of Oct. 15, 1982 (96 Stat. 1523) and Aug. 9, 1989 (103 Stat. 470).]

**(b) Second Tier.** Notwithstanding subsection (a), any member bank which, and any institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to such member bank who

1. A. commits any violation described in subsection (a);
   B. recklessly engages in an unsafe or unsound practice in conducting the affairs of such member bank; or
   C. breaches any fiduciary duty;

2. which violation, practice, or breach--

   A. is part of a pattern of misconduct;
   B. causes or is likely to cause more than a minimal loss to such member bank; or
   C. results in pecuniary gain or other benefit to such party,

shall forfeit and pay a civil penalty of not more than $25,000 for each day during which such violation, practice, or breach continues.

[12 USC 504(b). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(c) Third Tier.** Notwithstanding subsections (a) and (b), any member bank which, and any institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to such member bank who--

1. knowingly--

   A. commits any violation described in subsection (a);
   B. engages in any unsafe or unsound practice in conducting the affairs of such credit union; or
   C. breaches any fiduciary duty; and

2. knowingly or recklessly causes a substantial loss to such credit union or a substantial pecuniary gain or other benefit to such party by reason of such violation, practice, or breach,

shall forfeit and pay a civil penalty in an amount not to exceed the applicable maximum amount determined under subsection (d) for each day during which such violation, practice, or breach continues.

[12 USC 504(c). As added by act of Nov. 10, 1978 (72 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(d) Maximum Amounts Of Penalties For Any Violation Described In Subsection (c).** The maximum daily amount of any civil penalty which may be assessed pursuant to subsection (c) for any violation, practice, or breach described in such subsection is--

1. in the case of any person other than a member bank, an amount to not exceed $1,000,000; and
2. in the case of a member bank, an amount not to exceed the lesser of --

   A. $1,000,000; or
   B. 1 percent of the total assets of such member bank.

[12 USC 504(d). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by acts of Oct. 15, 1982 (96 Stat. 1523) and Aug. 9, 1989 (103 Stat. 470).]

**(e) Assessment, Etc.** Any penalty imposed under subsection (a), (b), or (c) shall be assessed and collected by

1. in the case of a national bank, by the Comptroller of the Currency; and
2. in the case of a State member bank, by the Board,

in the manner provided in subparagraphs (E), (F), (G), and (I) of section 8(i)(2) of the Federal Deposit Insurance Act for penalties imposed (under such section) and any such assessment shall be subject to the provisions of such section.

[12 USC 504(e). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(f) Hearing.** The member bank or other person against whom any penalty is assessed under this section shall be afforded an agency hearing if such member bank or person submits a request for such hearing within 20 days after the issuance of the notice of assessment. Section 8(h) of the Federal Deposit Insurance Act shall apply to any proceeding under this section.

[12 USC 504(f). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(g) Disbursement.** All penalties collected under authority of this paragraph shall be deposited into the Treasury.

[12 USC 504(g). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(h) Violate Defined.** For purposes of this section, the term "violate" includes any action (alone or with another or others) for or toward causing, bringing about, participating in, counseling, or aiding or abetting a violation.

[12 USC 504(h). As added by act of Aug. 9, 1989 (103 Stat. 470).]

**(i) Regulations.** The Comptroller of the Currency and the Board shall prescribe regulations establishing such procedures as may be necessary to carry out this section.

[12 USC 504(i). As added by act of Aug. 9, 1989 (103 Stat. 470).]

**(m)\* Notice Under This Section After Separation From Service.** The resignation, termination of employment or participation, or separation of an institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to a member bank (including a separation caused by the closing of such a bank) shall not affect the jurisdiction and authority of the appropriate Federal banking agency to issue any notice and proceed under this section against any such party, if such notice is served before the end of the 6-year period beginning on the date

such party ceased to be such a party with respect to such bank (whether such date occurs before, on, or after the date of the enactment of this subsection).

[12 USC 504(m). As added by act of Aug. 9, 1989 (103 Stat. 461).]

\* So in original. Subsection (m) was added without subsections (j) through (*l*).


Last Update: February 14, 2017

U.S. Postal Service
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage

Total Postage and Fees

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

**11:34**



## Track your package
Data provided by USPS

Tracking number 702224100000169 6306

Delivered

August 12, 12:47PM
Atlanta, GA

  View details on USPS

📞  Call 1-800-275-8777

🚚  Track another package



Name: Gooch, Olajawaun
Account # 4315037513035000

Date: 8/21/2023

Mission Lane
PO Box 105286,
Atlanta, GA 30348

To whom it may concern:

I, Gooch, Olajawaun/agent on behalf of OLAJAWAUN GOOCH/principal, hereby
accept all titles, rights, interest, and equity owed to OLAJAWAUN GOOCH/principal. I
hereby instruct CFO Henry Domenici to apply the principals balance to the principals
account #4315037513035000 for each and every billing cycle for set-off.

I demand for closed account #4315037513035000 to be reopened for use. The closing of
the account was not authorized by OLAJAWAUN GOOCH/principal, which is an
indication of violation of securities and breach of contract.

I also instruct CFO Henry Domenici to respond in writing within 5 business days once
instructions are completed. If instructions are not completed, I instruct CFO Henry
Domenici to respond in writing within 5 business days giving reason of non-performance
of fiduciary duties.

If no communication is made within 5 business days, I, Gooch, Olajawaun/agent on
behalf of OLAJAWAUN GOOCH/principal can assume that the instructions have been
completed.

Sincerely,

Gooch, Olajawaun/agent

# Federal Reserve Act

## Section 29. Civil Money Penalty

**(a) First Tier.** Any member bank which, and any institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to such member bank who, violates any provision of section 22, 23A, or 23B, or any regulation issued pursuant thereto, shall forfeit and pay a civil penalty of not more than $5,000 for each day during which such violation continues.

[12 USC 504(a). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by acts of Oct. 15, 1982 (96 Stat. 1523) and Aug. 9, 1989 (103 Stat. 470).]

**(b) Second Tier.** Notwithstanding subsection (a), any member bank which, and any institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to such member bank who

1.   A. commits any violation described in subsection (a);
     B. recklessly engages in an unsafe or unsound practice in conducting the affairs of such member bank; or
     C. breaches any fiduciary duty;

2. which violation, practice, or breach--

   A. is part of a pattern of misconduct;
   B. causes or is likely to cause more than a minimal loss to such member bank; or
   C. results in pecuniary gain or other benefit to such party,

shall forfeit and pay a civil penalty of not more than $25,000 for each day during which such violation, practice, or breach continues.

[12 USC 504(b). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(c) Third Tier.** Notwithstanding subsections (a) and (b), any member bank which, and any institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to such member bank who--

1. knowingly--

   A. commits any violation described in subsection (a);
   B. engages in any unsafe or unsound practice in conducting the affairs of such credit union; or
   C. breaches any fiduciary duty; and

2. knowingly or recklessly causes a substantial loss to such credit union or a substantial pecuniary gain or other benefit to such party by reason of such violation, practice, or breach,

shall forfeit and pay a civil penalty in an amount not to exceed the applicable maximum amount determined under subsection (d) for each day during which such violation, practice, or breach continues.

[12 USC 504(c). As added by act of Nov. 10, 1978 (72 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(d) Maximum Amounts Of Penalties For Any Violation Described In Subsection (c).** The maximum daily amount of any civil penalty which may be assessed pursuant to subsection (c) for any violation, practice, or breach described in such subsection is--

1. in the case of any person other than a member bank, an amount to not exceed $1,000,000; and
2. in the case of a member bank, an amount not to exceed the lesser of --

    A. $1,000,000; or
    B. 1 percent of the total assets of such member bank.

[12 USC 504(d). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by acts of Oct. 15, 1982 (96 Stat. 1523) and Aug. 9, 1989 (103 Stat. 470).]

**(e) Assessment, Etc.** Any penalty imposed under subsection (a), (b), or (c) shall be assessed and collected by

1. in the case of a national bank, by the Comptroller of the Currency; and
2. in the case of a State member bank, by the Board,

in the manner provided in subparagraphs (E), (F), (G), and (I) of section 8(i)(2) of the Federal Deposit Insurance Act for penalties imposed (under such section) and any such assessment shall be subject to the provisions of such section.

[12 USC 504(e). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(f) Hearing.** The member bank or other person against whom any penalty is assessed under this section shall be afforded an agency hearing if such member bank or person submits a request for such hearing within 20 days after the issuance of the notice of assessment. Section 8(h) of the Federal Deposit Insurance Act shall apply to any proceeding under this section.

[12 USC 504(f). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(g) Disbursement.** All penalties collected under authority of this paragraph shall be deposited into the Treasury.

[12 USC 504(g). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(h) Violate Defined.** For purposes of this section, the term "violate" includes any action (alone or with another or others) for or toward causing, bringing about, participating in, counseling, or aiding or abetting a violation.

[12 USC 504(h). As added by act of Aug. 9, 1989 (103 Stat. 470).]

**(i) Regulations.** The Comptroller of the Currency and the Board shall prescribe regulations establishing such procedures as may be necessary to carry out this section.

[12 USC 504(i). As added by act of Aug. 9, 1989 (103 Stat. 470).]

**(m)\* Notice Under This Section After Separation From Service.** The resignation, termination of employment or participation, or separation of an institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to a member bank (including a separation caused by the closing of such a bank) shall not affect the jurisdiction and authority of the appropriate Federal banking agency to issue any notice and proceed under this section against any such party, if such notice is served before the end of the 6-year period beginning on the date

such party ceased to be such a party with respect to such bank (whether such date occurs before, on, or after the date of the enactment of this subsection).

[12 USC 504(m). As added by act of Aug. 9, 1989 (103 Stat. 461).]

* So in original. Subsection (m) was added without subsections (j) through (*l*).

Last Update: February 14, 2017

Mail & More

1101-L Hillcrest Parkway
Dublin, GA 31021
(478) 272-7676
www.mailandmoreofdublin.com

Shipment----------------------
    USPS First Class Mail Flat
    Ship To:
        CFO Henry Domenici
        Mission Lane
        PO BOX 105286
        ATLANTA, GA 30348-5286
    Package                       8.27
    Tracking #:  9407111206209485405453
    Certified                  [$6.00]

    SUBTOTAL                      8.27
    TAX                           0.00
    TOTAL                         8.27
TEND Debit                        8.27

Total shipments: 1
Gooch Olajawaun
Ashley                      08/18/2023
#696323                       11:05 AM
Workstation: 67 - Middle WS
CCTran# c34573fd-5b35-4692-bebd-2b64009ab0cd

Effective 2020 no shipping times are guaranteed
and there is NOT a money back guarantee. Packag
es are only insured if the customer purchases in
surance to cover package. Damage claims are sub
ject to UPS, FedEx, and USPS approval. Packages
must meet their packing guidelines. Tracking n
umbers are only stored for a period of 60 days.

            Damage claims subject to
        UPS, FedEx, or USPS approval.

Stamps purchased by credit card payment will be
            charged a convenience fee.

                No cash refunds!!!
                (receipt REQUIRED)

9:56      .ıl 🛜 74

# USPS Tracking®

FAQs >

Tracking Number:

Remove ✕

## 9407111206209485425453

▢ Copy     🏃 Add to Informed Delivery

### Latest Update

Your item was picked up at a postal facility at 1:45 pm on August 23, 2023 in ATLANTA, GA 30348.

_____

### Get More Out of USPS Tracking:

▢ USPS Tracking Plus®

### ⊘ Delivered

**Delivered, Individual Picked Up at Postal Facility**

ATLANTA, GA 30348
August 23, 2023, 1:45 pm

See All Tracking History

What Do USPS Tracking Statuses Mean?

## Text & Email Updates ⌄

## USPS Tracking Plus® ⌄

**Mission Lane**

**OLAJAWAUN O GOOCH**
**Account Number:** #### #### #### 5000

Statement Billing Period:
July 26, 2023 - August 25, 2023

## Summary of Account Activity

| | |
|---|---|
| Previous Balance | $ 483.54 |
| Payments | 0.00 |
| Other Credits | 0.00 |
| Other Debits | 0.00 |
| Purchases | 4.47 |
| Cash Advances | 0.00 |
| **Fees Charged** | **25.00** |
| **Interest Charged** | **14.09** |
| NEW BALANCE | **$ 527.10** |
| Credit Limit | $ 500.00 |
| Available Credit | 0.00 |
| Available Cash | 0.00 |
| Statement Closing Date | 08/25/23 |
| Days in Billing Cycle | 31 |

## Payment Information

| | |
|---|---|
| New Balance | $ 527.10 |
| **Total Minimum Payment Due** | **$ 70.09** |
| **Payment Due Date** | **09/22/23** |

**Late Payment Warning:**
If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $ 35.00.

**Minimum Payment Warning:**
If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay ... | You will pay off the balance shown on this statement in about ... | And you will end up paying an estimated total of ... |
|---|---|---|
| Only the Minimum Payment | 2 years | $ 748.00 |

If you would like information about credit counseling services, call 1-866-791-4360.

## Contact Information



Customer Service: (855) 790-8860
Report Lost or Stolen Card: (855) 790-8860

Please Mail Your Payments to:
PO BOX 23075
COLUMBUS GA 31902-3075

Visit us on the web at:
missionlane.com

Please send Billing Inquiries and Correspondence to:
MISSION LANE LLC PO BOX 105286 ATLANTA, GA 30348-5286

NOTICE: CONTINUED ON PAGE 3
Page 1 of 4

DETACH HERE: RETURN PAYMENT USING THE ENCLOSED ENVELOPE. MAKE CHECK PAYABLE TO: MISSION LANE LLC - ALLOW UP TO 7 DAYS FOR RECEIPT.

MISSION LANE LLC
PO BOX 105286
ATLANTA GA 30348-5286



| | |
|---|---|
| Account Number | #### #### #### 5000 |
| Closing Date | August 25, 2023 |
| New Balance | $ 527.10 |
| Total Minimum Payment Due | $ 70.09 |
| Payment Due Date | September 22, 2023 |

AMOUNT OF PAYMENT ENCLOSED

$ _____

OLAJAWAUN O GOOCH
2066 WINGATE DR
RENTZ GA 31075-3255

**N0013619

MISSION LANE LLC
PO BOX 23075
COLUMBUS GA 31902-3075

01725322372IIIIII      000007009      000052710      5

Gooch, Olajuwon
2066 Wingate Dr.
Rentz, GA 31075

United States District Court
Southern District of Georgia
600 James Brown Blvd.
Augusta, GA 30901




Retail

RDC 99                    30901




U.S. POSTAGE PAID
FCM LG ENV
RENTZ, GA 31075
OCT 18, 2023
$7.38
R2308M154648-33

CERTIFIED MAIL

7022 3330 0000 2050 7787

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE